The opinion of the Court tons delivered by

Mr. Justice ‘JYott.

The only question in this case is, whether the judge below was correct, in instructing the jury that the performance of the covenants contained in the condition of the bond .might be presumed from the lapse of time. It is now well settled in this state that the lapse of twenty years is, perse, conclusive evidence of the payment1 of a bond conditioned for the payment of money; and whether a bond is to be discharged by the payment ■of a sum of money, or by doing any other act, can, in my view. make no difference m that respect. The presumption is as strong, that the act has been performed in one instance, as that the money has been paid in the other. Indeed, I think it is stronger, particularly in the case of bonds of a public nature. The performance of the duly does not affect his interest nor impair his estate like the payment of money. His interest therefore, consists in the faithful discharge of his duty. Neither are persons interested in the distribution of an estate, so much disposed to give indulgence to one who has the administration of it, as those to whom money is due, are to a person who is bound to pay out of Ins own estate. Besides, it is a maxim of law# « interest reipubliese ut sit finis litium.” There never would be and end to litigation, if any old paper sleeping in the desk of a public officer, may, after a lapse of nearly forty years, be dragged from its bed of repose, to disturb the peace of a family whicli lias never derived any benefit from it; and may perhaps not even know of its existence.
The presumption to be sure might have been rebutted by -tbe evidence of any fact which went to shew an existing demand; but no such thing was attempted. Mr. Moncrief, the adminis-tpr, has beep dead but a few years, yet no account of bis has *290 been shewn, recognising his liability. No claim has been interposed by those entitled to the estate, if there is any. No en-quiry has been made by creditors or others interested in the administration. It is unreasonable to suppose that those who had so deep an interest in investigating the subject, would have, slept over their rights for such a length of time, while the administrator was in the quiet enjoyment of what belonged to them; and it would be still more unreasonable now, when he is dead and gone, to suffer a dormant claim which has groivn grey with age to be resuscitated againt his securities, who it cannot be expected have the means of defending themselves against it. I am of opinion^ therefore, that the motion ought to be refused.
Clark, for motion.
Pepoon, contra.
Bay, Colcock, Johnson, and Huger, Justices concurred.